UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>441 FIRST STREET, LLC, et al.,<br><br>　　　　　Defendants. | Case No.  5:21-cv-04202-EJD<br><br>**ORDER GRANTING IN PART DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 20 |

Before the Court is Plaintiff Scott Johnson's motion for an award of attorneys' fees and costs in the amount of $14,727.00 pursuant to 42 U.S.C. § 12205 and California Civil Code § 52(a).[1]  Mot. for Attorney's Fees ("Motion"), Dkt. No. 20.  Defendants, Los Altos Hardware, Inc. and 441 First Street, LLC, oppose the motion on the grounds that Defendants charged unreasonable rates and expended unnecessary time.  Opposition to Pl.'s Fee Mot. ("Opposition"), Dkt. No. 21.  The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having considered the Parties' papers, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion.

**I.    Background**

On June 2, 2021, Plaintiff brought action against Defendants for violation of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").  Compl., Dkt. No. 1.  Plaintiff is a quadriplegic and uses a wheelchair for mobility and a specially

---

[1] Plaintiff originally requested $14,952.00 in fees but Plaintiff noted in their reply that a software error led to a miscalculation where Loretta Fernandes was incorrectly billed at the rate of an attorney ($550) rather than a paralegal ($100).  *See* Reply in Support of Motion, Dkt. No. 22 at 10.  Plaintiff instructed the Court to deduct $225.00 from the original fee request to correct this error.

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
1

1  equipped van. *Id.* at 1. Plaintiff alleges that he was deterred from availing himself of Defendants'
2  goods and services because Defendants failed to provide wheelchair accessible parking and
3  accessible door hardware that conform with ADA standards. *Id.* at 3–4. On August 9, 2021, the
4  Parties began settlement discussions and Plaintiff provided notice of settlement. Dkt. No. 11. The
5  settlement agreement was executed on September 10, 2021, "whereby the defendants agreed to
6  pay all reasonable attorney's fees and litigation expenses in an amount to be determined by the
7  present motion." Mot. at 1. On January 24, 2022, the parties provided a joint statement informing
8  the Court that the parties had reached a settlement and stipulating that dismissal may be entered.
9  Dkt. No. 18. On February 8, 2022, Plaintiff filed a Motion for Attorneys' Fees. Mot. at 20.
10 Defendants oppose the motion, asserting that Plaintiff should only recover $2,705.50 in fees and
11 $602 in costs. Opposition at 2.

**II.     Legal Standard**

Both the ADA and the Unruh Act permit the "prevailing party" to recover attorney's fees and costs. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Mot. A plaintiff prevails when they become entitled to enforce a judgment, consent decree, or a legally enforceable settlement against the defendant. *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).

District courts apply a two-step process to calculate the appropriate fee award. *Fisher v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the "lodestar" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010); *Anatoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 622 (9th Cir. 1993). Second, the district court may adjust the lodestar figure based upon the *Kerr* factors. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

The *Kerr* factors encompass: (1) the time and labor required; (2) the novelty and difficulty

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
2

of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 70. Adjustments to the lodestar figure are permitted, but a "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, modifications in either direction are only proper in "rare and exceptional cases." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted). The fee applicant bears the burden of showing that "such an adjustment is necessary to the determination of a reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

### III. Discussion

#### a. Lodestar Calculation

##### i. Reasonable Hourly Rate

"Determination of reasonable hourly rate is not made by reference to rates actually charged by the prevailing party. In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citation omitted). The relevant legal community in this action is the Northern District of California. "The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).

Plaintiff submits a billing statement itemizing the time spent by attorneys Russell Handy, Dennis Price, and Amanda Seabock. Dkt. No. 20-3. Plaintiff's counsel, which consists of

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
3

1   partners and supervising attorneys, billed the following hourly rates: $650.00, $550.00, and
2   $500.00. Dkt. No. 20-3. Plaintiffs team also includes multiple paralegals billing at a baseline rate
3   of $100.00 and up to $200.00 per hour. *Id.* Plaintiff submits declarations from Mark Potter and
4   Dennis Price, managing partner and partner of the Center for Disability Access ("CDA")
5   respectively, in support of these rates. Dkt. No. 20-2 ("Potter Decl."); Dkt. No. 20-7 ("Price
6   Decl."). In his declaration, Mr. Potter states that he has litigated over 2,000 disability cases and
7   has "devoted more than 95% of has practice to disability issues over 20 years." Potter Decl. ¶ 6.
8   Mr. Price adds that he has been involved in hundreds of disability rights cases and that their office
9   is typically "awarded rates between $400-$650 per hour in the Central district of California."
10  Price Decl. ¶¶ 2–3. Mr. Price also notes that, prior to becoming a partner last year, in *Johnson v.*
11  *Rehman* the Ninth Circuit approved his billing rate at $450.00 an hour for his court of appeals
12  work. *Id.* at ¶ 5. Plaintiff's counsel contends that their firm's staffing approach is efficient and
13  effective because their firm assigns discrete tasks to different attorneys who focus solely on those
14  tasks. Mot. at 3.
15  Defendants assert that Plaintiff billed unreasonable rates for a relatively simple case that
16  involved a "straight-forward application of the law, and which does not present novel or difficult
17  issues requiring a high level of skill or specialization." Opposition at 3 (quoting *Johnson v. Li*,
18  No. 5:19-CV-08075-EJD, 2020 WL 3268580, at *3 (N.D. Cal. June 17, 2020), *aff'd sub nom.*
19  *Johnson v. Li as trustee of Li Fam. Tr. dated Mar. 10, 1988*, 848 F. App'x 744 (9th Cir. 2021))
20  (citation omitted). In *Johnson v. Li*, the Court considered a motion for attorneys' fees in an ADA
21  case involving Plaintiff Johnson represented by the same firm. *Li*, 2020 WL 3268580 at 1.
22  Similarly, the *Li* action was not extensively litigated, and the parties settled after Plaintiff accepted
23  a Rule 68 offer. *Id.* Defendants request that the Court applies the same awarded rates in *Li* to
24  Plaintiff's counsel in the present action, where the Court awarded $475.00 per hour to partners,
25  $350.00 an hour to associates, and $250.00 an hour new associates. *Li*, 2020 WL 3268580, at *4;
26  *see Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-CV-03871-BLF, 2021 WL 2457154, at *10
27  (N.D. Cal. June 16, 2021) ("[T]he Court awards fees for Mr. Handy and Mr. Potter at $475 per
28  Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
4

hour and for Ms. Seabock at $350 per hour.").

Here, Mr. Handy and Mr. Price are partners billing at rates of $650.00 and $550.00 per hour respectively, while Ms. Seabock is a supervising attorney billing at a rate of $500.00 per hour. Dkt. No. 20-3. The Court has previously rejected these rates as being unreasonable in analogous ADA cases at similar stages of litigation. *See Johnson v. Oakwood Ctr. LLC*, No. 19-CV-01582-VKD, 2019 WL 7209040, at *12 (N.D. Cal. Dec. 27, 2019) (denying Mr. Potter and Mr. Handy an hourly rate of $650 and instead granting an hourly rate of $475; granting Ms. Seabock an hourly rate of $350); *see also Johnson v. VN Alliance LLC*, No. 18-CV-01372-BLF, 2019 WL 2515749 (N.D. Cal. June 18, 2019) (granting Mr. Potter and Mr. Handy an hourly rate of $425). The Court finds no reason to substantially diverge from its previous findings with respect to billing rates. Accordingly, the Court will award $475 per hour to partners Mr. Handy and Mr. Price and $350 per hour to supervising attorney Ms. Seabock.

The Court recognizes that "[t]he district court's function is to award fees that reflect economic conditions in the district; it is not to 'hold the line' at a particular rate, or to resist a rate because it would be a 'big step.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008). In support of Plaintiff's billing rates, Plaintiff submitted excerpts from the 2020 Real Rate Report to provide additional data on billing rates in the Northern District of California. The report reflects a median billing rate of $650 to $845 for partners in San Jose/San Francisco. Dkt. No. 20-4. However, as the Court has previously noted, the Real Rate Report offers ranges of billing rates without context; it does not address the nature of work done or the skill of the attorneys in each case. *Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *10. For example, the first quartile of 2020 exhibits rates of $374 to $621 for San Jose/San Francisco partners. Dkt. No. 20-4. The rate awarded by this Court falls squarely within this range. Here, Plaintiffs engaged in a straightforward ADA action, filing only a complaint before engaging in settlement. This case has not involved substantial motion work or litigation. As such, the Court remains unpersuaded that the rates previously granted to Mr. Johnson's attorneys in this district are unreasonable in the present action or otherwise not reflective of the market for ADA litigation in this district.

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees

1    Next, Defendants assert that partners who undertake basic, lower-skill tasks should bill
2    such tasks at a reduced rate. Opposition at 4–5. Defendant points to Mr. Handy, a partner who
3    completed step one of the pre-filing checklist at a rate of $650.00 per hour, as an example of
4    Plaintiff utilizing overqualified and costly attorneys to perform basic case review and intake
5    procedure.[2] *Id.* Defendants refer to *Johnson v. Li*, noting that "[c]ourts in this district have
6    recognized that routine work reasonably should be delegated to less senior attorneys and that work
7    by senior attorneys should be limited to matters requiring that level of skill". *Li*, 2020 WL
8    3268580, at *4 (reducing the billing rate of the firm partner to $350.00 per hour for time entries
9    involving clerical tasks). The Court agrees that partner entries by Plaintiff's counsel for lower-
10   skilled tasks should be reduced to reflect the market rates of associates in the district. Dkt. No. 20-
11   4. Plaintiff's excerpts from the 2020 Real Rate Report notes that associates in San Jose/San
12   Francisco are billed between $350-$500 per hour. Mot. at 5; Dkt. No. 20-4. Based on the data
13   provided the Court reduces the two pre-filing checklist entries by Mr. Handy on 5/26/21 to
14   $350.00 per hour.

### ii. Hours Reasonably Expended

"In determining a reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented, within billing judgment, and whether any of the hours were unnecessary, duplicative or excessive." *Johnson v. Ends In E. Inc.*, No. 5:20-CV-06946-EJD, 2021 WL 5565842, at *3 (N.D. Cal. Nov. 29, 2021). Plaintiff requests fees based on approximately 20 hours of work. Dkt. No. 20-3. Plaintiff contends that their billing statement does not reflect overbilling and instead argues that all the billed tasks reflected in the statement were reasonably incurred, evidenced by the fact that Plaintiff does not seek a multiplier. Mot. at 10–11, 17. Defendants assert that the time spent on the tasks were unreasonable given their low difficulty and skill level. Opposition at 4. Defendants further

---

[2] In their opposition Defendants incorrectly state that Plaintiff's attorney billed $475.00 an hour for the pre-filing checklist item, but Plaintiff's exhibited billing statement reflects a billable rate of $650.00 per hour.

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
6

assert that given the "immediate resolution" and "limited work necessary to accept Plaintiff's FRCP 68 offer," as well as the fact that Defendants admitted liability, Plaintiff's fee demand is excessive. *Id.* at 2–3.

Defendants identify multiple instances of duplicative entries. For example, Defendants assert that Ms. Seabock's entry for 0.4 hours on 5/26/21 duplicates the public record search performed by Lino Dionisio for 0.2 hours on 5/26/21. *Id.* at 5. Similarly, Defendants identify multiple duplicative entries for 0.1 hours each by Ms. Seabock on 7/15/21 ("email to clarify rule 68"), 7/16/21 ("rule 68'), and 8/03/21 ("note re rule 68"). *Id.* at 7. Indeed, while all three of these entries are vague, the entries on 7/15/21 and 8/03/21 provide enough detail to clarify the task and the nature of the work. The "rule 68" entry on 7/16/21, however, appears to be duplicative because it lacks specificity and is indistinguishable from the other two entries. The Court therefore disregards the duplicative public record search entry by Lino Dionisio, as well as Ms. Seabock's 7/16/21 entry.

Defendants further contend that Plaintiff improperly billed clerical work involving ECF filings and time spent emailing signed documentation to Defendants' counsel. Opposition at 8. The Court has recognized that "[p]urely clerical tasks are generally not recoverable in a motion for attorneys' fees and should instead be subsumed in normal overhead costs." (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Id.* Defendants identify the following entries as clerical tasks that should be excluded: (1) the 9/9/21 email from Dourado sending the signed settlement to Plaintiff; (2) the 10/28/21 "NOS" filing by More; (3) the 1/5/22 filing of the request for reassignment by Adnan; (2) the three separate entries on 1/7/22 labeled as "ECF" by Alba; (3) the 1/24/22 filing of the joint statement by Adnan; (4) the 1/26/22 ECF filing by Alba. Opposition at 8. Because these entries all encompass clerical tasks, the Court agrees with Defendants that these time entries should not be included in Plaintiff's award of attorneys' fees and costs.

Defendants also assert that some of the billing entries are inadequate or too vague. *Id.* at

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees

7

8–9. Defendants point to billing entry descriptions that contain one-word entries, such as "email" on 10/26/21 and highlight the "rule 68" entry once again, contending that both provide no detail regarding the nature of the work. *Id.*; *see* Dkt. No. 20-3. Defendants contend that Plaintiff "bears the burden of submitting detailed time records justifying the hours claimed to have been expended" and cites to a case from the District Court of Guam. Opposition at 9; *see Davis v. Guam*, No. CV 11-00035, 2019 WL 1512266, at *12 (D. Guam Apr. 8, 2019). The Court agrees that these entries are vague and may render it difficult to review whether the task is reasonable. However, even the *Davis* case recognizes that a handful of entries with vague descriptions which are billed at 0.10 or 0.20 hours are not wholly unreasonable. *Id.* at 13. The majority of Plaintiff's entries provide sufficient detail. While Plaintiff should provide more specificity, it would be "highly atypical civil rights case where plaintiff's lawyer engages in churning." *Moreno*, 534 F.3d at 1112. Accordingly, the Court does not find Plaintiff's entries warrant further reduction.

Moreover, Defendants assert that Mr. Price's 2/8/21 work for 4.1 on the fee motion is excessive because Mr. Potter's declaration is repetitive of past declarations filed by the firm in previous motions for attorneys' fees, to the extent that portions have been cut and pasted from their filings in the *Li* case. *Id.* at 9–10; Dkt. No. 21-1 ¶ 15 ("Corfee Decl."). Defendants further support this assertion by noting that in paragraph 12 of his declaration, Mr. Potter lists the qualifications of Josie Zimmerman, an attorney who is not on this case or otherwise mentioned in any of Plaintiff's documents but has previously worked on the firm's other ADA cases. Opposition at 9–10. Likewise, Defendant notes that Mr. Price's entry for 0.3 hours on 2/7/22 references working on a "McGuinness declaration," which is not a submitted a declaration nor a named attorney in this case. *Id.* at 9. Plaintiff did not provide any explanation for this entry. Accordingly, the Court removes the McGuinness entry.

The Court remains unpersuaded, however, that the 4.1 hours spent by Mr. Price on the fee motion are "obviously and convincingly excessive under the circumstances" to warrant a reduction. *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) (accepting Plaintiff's attorneys sworn declarations and copies of time sheets as sufficient support for their fee requests).

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
8

1    Mr. Price's declaration notes that he had ceased working on the motion after a miscommunication

2    between the Parties' counsel led Plaintiffs to believe that Defendant agreed to an amount of

3    attorney fees leading him to resume the motion work.  Price Decl., ¶ 6–7.  The Court finds that

4    Mr. Price's declaration provides sufficient support for his time entry.

         **b. Costs**

6          Finally, Plaintiff requests $1,002.00 in filing fees and costs.  Mot. at 22.  Plaintiff's request

7    for $402.00 in support of his filing fee is well substantiated.  *See* Compl., Dkt. No. 1 (confirming

8    payment of filing fee and receipt number).  Plaintiff also requests a $400.00 investigation cost and

9    $200.00 in service fees.  Mot. at 22.  Defendants argue that Plaintiff should not be awarded costs

10   associated with the investigation or service fees because Plaintiff's lacks receipts and the Court

11   previously denied Mr. Johnson's costs based on failure to provide receipts.  Opposition at 11

12   (citing *Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-CV-03871-BLF, 2021 WL 2457154, at

13   *12 (N.D. Cal. June 16, 2021)).  However, the Court's denial of these costs is taken out of context.

14   In *Garlic Farm Truck*, the Court addressed the missing receipts because Plaintiff's counsel quoted

15   different costs for the investigation fee and the service fee in his attorney declaration than Plaintiff

16   quoted in the motion.  *Id.*  Because the Court could not confirm which fee was actually paid, the

17   Court awarded the lesser of the two quotes cited by Plaintiff.  *Id.*  That is not the issue in this

18   action.  Plaintiff provided an attorney's sworn statement that the firm pays all their investigators

19   "$400 per on-site investigation" and that his investigator did not present him with a "formal

20   invoice."  Potter Decl. ¶ 4.  There are no discrepancies between the fees quoted in Plaintiff's

21   invoice and Mr. Potter's declarations.

22         Defendants also assert that Plaintiffs did not need to hire an investigator and that the

23   investigator fee is unsupported as to the purpose of the investigator and the work that was

24   performed.  Opposition at 11.  Defendant contends that an investigator is not necessary in this case

25   since Mr. Johnson is an attorney and used to litigate his own ADA cases.  Corfee Decl. ¶ 7.

26   However, the Court disagrees.  Plaintiff provided ample explanation as to the purpose of an

27   investigation, noting in their reply that not "Mr. Johnson has numerous disabilities that limit his

28   Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
9

United States District Court
Northern District of California

mobility and dexterity. This prevents him from taking precise measurements, as well as investigation of properties that he cannot enter." Reply, Dkt. No 22 at 14. Accordingly, the Court will award $1,002.00 in filing fees and costs.

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for attorneys' fees and costs. The Court awards Plaintiff $7,085.00 in attorneys' fees and $1,002.00 in costs, for a total of $8,087.00.

**IT IS SO ORDERED.**

Dated: July 28, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-04202-EJD
Order Granting in Part Denying in Part Motion for Attorneys' Fees
10